```
         IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                                CENTRAL DIVISION
_____

LAWRENCE M. JACKSON,                 )
                                     )
          Petitioner,                )  Case No. 2:05-CV-365 DB
                                     )
     v.                              )  District Judge Dee Benson
                                     )
CLINT FRIEL et al.,                  )  **MEMORANDUM DECISION**
                                     )
          Respondents.               )  Magistrate Judge David Nuffer
_____
```

Petitioner, Lawrence Jackson, an inmate at Utah State Prison, petitions for habeas corpus relief.[1] The Court denies the petition.

BACKGROUND

After pleading guilty, Petitioner was convicted in Utah state court of child rape, for which he was sentenced to fifteen years to life. His conviction was affirmed on appeal by the Utah Court of Appeals, where he raised these arguments:

   (1) The trial court failed to make detailed findings as to his sentence as required by state statute;

   (2) because trial counsel did not bring the latter to the trial court's attention, counsel was constitutionally ineffective; and

   (3) the trial court abused its discretion by not allowing substitute counsel at sentencing.

---

[1]*See* 28 U.S.C.S. § 2254 (2008).

The Utah Supreme Court then denied Petitioner's petition for writ of certiorari, in which Petitioner raised issues (1) and (2).

Petitioner later brought a state petition for post-conviction relief, in which he challenged:

- the voluntariness of his plea;

- the permanency of the plea agreement, conditioned on whether he would be eligible for probation, what the sentence would be, and whether he could select the one charge out of six to be inserted;

- the prosecution's alleged failure to disclose exculpatory evidence to him;

- the delay in affording a speedy trial;

- asserted racial bias in sentencing;

- lack of adequate opportunity to challenge his pre-sentence evaluations; the sentencing procedure, which he believed was tainted by conflict of interest and conspiracy among all involved parties;

- the prosecutor's and trial court's breach of his plea agreement;

- his counsels' effectiveness, on a variety of grounds;

- existence of a conspiracy to manipulate his medical treatment to effect his guilty plea and maximum sentencing; and

- police use of binoculars to catch his crime, which he argued was an unreasonable search.

Relief was denied in both the trial court and Utah Court of Appeals. Petitioner did not file for certiorari review in the Utah Supreme Court.

In his petition here, Petitioner raises all the above grounds, both those affirmed on direct appeal and those attacked on state post-conviction review. New arguments, raised for the first time here, include the following:

- Aggravated circumstances should not have been considered in sentencing, especially as they were not found by a jury;

- several other instances of ineffectiveness of trial counsel;

- failure of the state post-conviction court to hold a hearing;

- the trial court's failure to comply with Utah Rule of Criminal Procedure 22 in sentencing;

- erroneous discussion in the trial court that prison was mandatory; and

- insufficient evidence.

The State responded to the petition, arguing that all grounds--except the first two brought before the Utah Supreme Court--were unexhausted and are procedurally defaulted.

ANALYSIS

I.  Exhaustion and Procedural Default

The State is correct.  All issues brought by Petitioner--except the first two raised before the Utah Supreme Court--were unexhausted and are procedurally barred.

In general, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all remedies in the

Utah courts.[2]  This means Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief.[3]  Here, Petitioner did not present most of his issues to the highest Utah court available, the Utah Supreme Court.

The United States Supreme Court has declared that when a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief."[4]

First, regarding the issues that he raised in his state petition for post-conviction relief, after the Utah Court of Appeals affirmed the petition's dismissal, Petitioner had thirty days in which to petition for writ of certiorari with the Utah Supreme Court, but he did not and is no longer entitled to do so.[5]

---

[2]See 28 U.S.C.S. § 2254(b) & (c) (2008); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998) (unpublished).

[3]See *Picard*, 404 U.S. at 275-76.

[4]*Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

[5]See Utah R. App. P. 48(a) ("A petition for a writ of certiorari must be filed with the Clerk of the Supreme Court within thirty days after the entry of the final decision by the Court of Appeals.").

Second, the issues Petitioner raises for the first time in this petition are now ineligible to be exhausted in the Utah courts.  Utah's Post-Conviction Remedies Act (PCRA) states, "A person is not eligible for relief under this chapter upon any ground that . . . could have been but was not raised at trial or on appeal."[6]  The additional grounds Petitioner presents could have been brought on direct appeal, and are therefore disqualified for state post-conviction relief now.  These two sets of issues are thus procedurally barred from state supreme court consideration.

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'"[7]  Indeed, Petitioner does argue cause and prejudice and a fundamental miscarriage of justice justify his procedural default.  Specifically, he asserts that further state proceedings would have been futile because of general unfairness, racism, and conflict of interest; he understood that when the Utah Supreme Court poured over his case to the Utah Court of Appeals, it was saying that the court of appeals'

---

[6] Utah Code Ann. § 78B-9-106(1) (2008); cf. Hale v. Gibson, 227 F.3d 1298, 1328 (10th Cir. 2000) ("Oklahoma bars collateral review of claims . . . that could have been raised on direct appeal but were not.  Accordingly, [petitioner] has defaulted his claim . . . .").

[7] Thomas, 218 F.3d at 1221 (alteration omitted) (citation omitted).

decision would reign supreme; he was stymied by a lack of legal help and access to a law library; and his fundamental constitutional rights were violated.

"[T]o satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules."[8]  Meanwhile, to demonstrate prejudice, "'[t]he habeas petitioner must show not merely that . . . errors . . . created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage.'"[9]

Petitioner's first argument--the futility of further pursuing his claims to the Utah Supreme Court--contains nothing but vague and unsupported assertions of unfairness, racism, and conflict of interest.  These do not sustain Petitioner's burden of showing that objective factors external to the defense hindered him in meeting state procedural demands.  Nor do they at all hint how he was *actually* and substantially disadvantaged.

Other of Petitioner's arguments about his lack of legal knowledge likewise form no basis for cause.[10]  These are factors

---

[8] *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted).

[9] *Butler v Kansas*, No. 02-3211, 2002 WL 31888316, at *3 (10th Cir. Dec. 30, 2002) (unpublished) (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original)).

[10] *Gilkey v. Kansas*, No. 02-3227, 2003 WL 245639, at *2 (10th Cir. Feb. 4, 2003) (unpublished) (holding limited knowledge of the law is insufficient to show cause for procedural default); *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (concluding petitioner's *pro se* status and his corresponding lack of awareness and training on legal issues do not constitute adequate

*internal* to the defense.

Finally, Petitioner suggests that a miscarriage of justice will occur if this Court does not address the defaulted claims in his petition.  "The miscarriage of justice exception is extremely narrow, arising only 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"[11]  Petitioner is burdened with making "a proper showing of factual innocence."[12]  However, his mere rehashing of the evidence and alleged violations of his civil rights in state proceedings do not persuade this Court that the exception applies.

In sum, the Court determines Petitioner raised before the Utah Supreme Court neither the issues in his state post-conviction petition nor the issues brought for the first time in this petition.  Because under state law those questions no longer qualify to be raised in Utah courts, the Court concludes that they are technically exhausted, barred by state procedural law, and procedurally defaulted in this federal habeas case.  Indeed, Petitioner has shown neither cause and prejudice nor a fundamental miscarriage of justice excusing his default.

---

cause for his failure to previously raise claims).

[11] *Gilkey*, 2003 WL 245639, at *2 (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) (quotation and citation omitted)).

[12] *Byrns v. Utah*, No. 98-4085, 1998 WL 874865, at *3 (10th Cir. Dec. 16, 1998) (unpublished) (citing *Herrera v. Collins*, 506 U.S. 390, 404 (1992)).

II.  Issues Regarding Detailed Findings

The Court addresses the remaining two issues here:  Whether Petitioner is entitled to federal habeas relief because (a) the trial court failed to make detailed findings as to his sentence as required by state statute; and (b) trial counsel was constitutionally ineffective because she did not bring this failure to the trial court's attention.

In the first point, Petitioner attacks the State's application of its own statute. It is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States.[13]  Errors of state law do not constitute a basis for relief.[14]  Petitioner thus has no valid argument based on state law.

As to the second point, the allegation of ineffective assistance, this Court's review is tightly circumscribed by the standard of review for federal habeas claims by state prisoners:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of

---

[13] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

[14] *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

8

the United States.[15]

In this case, the Utah Court of Appeals clearly selected the correct governing legal principle with which to analyze the ineffective-assistance-of-counsel issue.[16]  It is the familiar two-pronged standard of *Strickland v. Washington*[17]:  (1) deficient performance by counsel, measured by a standard of "reasonableness under prevailing professional norms"; and, (2) prejudice to the defense caused by counsel's deficient performance.[18]  The prejudice element requires a showing that errors were so grave as to rob the petitioner of a fair proceeding, with a reliable, just result.[19]

The court of appeals focused solely on the prejudice prong in rejecting Petitioner's ineffective-assistance argument:

> [D]efendant's claim fails because he has not shown that he was prejudiced by trial counsel's failure to point out section 76-3-201's requirements to the trial court.  As stated above, the trial court adequately supported its decision to impose the maximum sentence upon defendant, and was under no requirement to list, point by point, the factors it relied upon in making its decision.  Accordingly, we conclude that a different outcome would not have occurred had

---

[15] 28 U.S.C.S. § 2254(d) (2008).

[16] *State v. Jackson*, No. 990565-CA, 2001 WL 952127, at *1 (Utah Ct. App. Aug. 23, 2001) (unpublished).

[17] 466 U.S. 668 (1984).

[18] *Id.* at 687-88.

[19] *Id.*

9

>   trial counsel brought the requirements to the court's attention.[20]

Based on its conclusion that the trial court had not violated state law because it had satisfactorily supported its choice of maximum sentencing with adequate findings--albeit not as detailed as Petitioner may have wanted--the Utah Court of Appeals had no choice but to conclude that counsel's omission did not prejudice Petitioner.  Even if counsel had demanded more detailed findings, state law required the trial court to do no more than it already had--provided sufficient findings for its sentencing decision.  Therefore, there is no "reasonable probability that, but for counsel's [omission], the result of the proceeding would have been different."[21]  And, the Utah Court of Appeals did not decide the case contrary to or with an unreasonable application of federal law.

---

[20]*Jackson*, 2001 WL 952127, at *1.

[21]*Strickland*, 466 U.S. at 694.

CONCLUSION

Most of Petitioner's claims are procedurally barred; these include his claims brought in his state post-conviction petition and those brought for the first time in this federal petition. The two remaining exhausted claims--regarding whether more detailed findings were required regarding sentencing--are without merit.  IT IS THEREFORE ORDERED that this habeas corpus petition under § 2254 is DENIED.

DATED this 9 day of December, 2008.

BY THE COURT:

_____
DEE BENSON
United States District Judge